NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

JON JESSE JAY WADE, *Appellant.*

No. 1 CA-CR 22-0037
FILED 10-27-2022

---

Appeal from the Superior Court in Mohave County
No. S8015CR202100607
The Honorable Derek C. Carlisle, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Janelle A. McEachern, Chandler
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Cynthia J. Bailey and Vice Chief Judge David B. Gass joined.

---

**T H U M M A**, Judge:

**¶1**   This is an appeal under *Anders v. California*, 386 U.S. 738, 744 (1967) and *State v. Leon*, 104 Ariz. 297, 300 (1969). Counsel for defendant Jon Jesse Jay Wade has advised the court that, after searching the entire record, no arguable question of law was identified and asks this court to conduct an *Anders* review of the record. Wade was given the opportunity to file a supplemental brief on his own behalf but did not do so. This court has reviewed the record and found no reversible error. *Leon*, 104 Ariz. at 300; *State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999). Accordingly, Wade's conviction and resulting prison sentence are affirmed.

## FACTS AND PROCEDURAL HISTORY

**¶2**   One evening in May 2021, Detective Donald Shed of the Arizona Department of Public Safety was patrolling a neighborhood in Kingman, Arizona, in an unmarked police vehicle when he saw a speeding motorcyclist. After a high-speed chase, Wade was taken into custody and read his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). Wade elected to speak with Detective Shed and acknowledged that he was driving the motorcycle but claimed he did not know a law enforcement officer was following him.

**¶3**   Wade was charged with one count of unlawful flight from a law enforcement vehicle, a class 5 felony. After some pretrial motion practice, the matter went to trial in December 2021 before an eight-person jury. Detective Shed testified about his recollection of the events. After the State rested, Wade unsuccessfully moved for a judgment of acquittal. *See* Ariz. R. Crim. P. 20. Wade elected not to testify, as was his right. The jury found Wade guilty as charged. Although the jury then found that the State had proven Wade had committed the felony while on felony release, the court vacated that verdict given a lack of sufficient evidence.

**¶4**   At sentencing, the court acknowledged that it had erred by not ordering a presentence report. After discussions with counsel, Wade waived his right to a presentence report and the court proceeded to sentencing. The court found that the "mitigating factors [] slightly outweigh[ed] the aggravating factors" and sentenced Wade to a less than presumptive sentence of four years in prison. Wade properly was awarded 147 days of presentence incarceration credit.

**¶5**          This court has jurisdiction over Wade's timely appeal under pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1), 13-4031 and 13-4033(A) (2022).

## DISCUSSION

**¶6**          The record shows that Wade was represented by counsel at all stages of the proceedings and that counsel was present at all critical stages. The court properly instructed the eight-person jury on the elements of the charged offense, the State's burden of proof, Wade's presumption of innocence and other applicable law. The record contains substantial evidence supporting the verdict. The sentence imposed was within statutory limits. The award of presentence incarceration credit was accurate. From the record presented, all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure.

## CONCLUSION

**¶7**          This court has read and considered counsel's brief and has searched the record provided for reversible error and has found none. *Leon*, 104 Ariz. at 300; *State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999). Accordingly, Wade's conviction and resulting sentences are affirmed.

**¶8**          Upon the filing of this decision, defense counsel is directed to inform Wade of the status of his appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Wade shall have 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:          AA